CHANCERY.　　Chambers' widow and heirs *vs* Warren, and V. Chambers *vs* Warren.

Case 48.　　　WRITS OF ERROR TO THE SCOTT CIRCUIT.

*Supplemental bill.　Revivor.　Process.　Guardian ad lilem.*

Oct. 21.　　CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.　THESE two cases were argued and submitted to the Court together. The first is a writ of error to reverse a decree foreclosing a mortgage and ordering the sale of a tract of 75 acres of land, in satisfaction of the amount due. At the sale John F. Warren, who was allowed by his brother, Wm. B. Warren, to have the benefit of the purchase, became the purchaser of the land and obtained the Commissioner's deed, and at a subsequent term filed his petition against Violetta Chambers, the widow of the decedent, alledging that she was in possession, and praying that he might be put into possession, which was ordered by the Court; from which order she has appealed to this Court.

There are manifest errors in the proceedings and decree rendered in the first case.

At the June term, 1839, Wm. B. Warren filed a supplemental bill against the widow and heirs of B. S. Chambers, deceased, and others, alledging that he had, in 1833, filed a bill against said Chambers, as a non-resident, which was revived against his widow and heirs as non-residents, in 1834, setting up against Chambers a debt of $425, owing to one Lemon, and a mortgage executed to Lemon on a tract of seventy five acres of land to secure it, which mortgage and debt had been assigned to the complainant, in which he prayed a foreclosure and sale of the land for its payment. He charges that process was duly executed on Chambers in his lifetime and on his widow and heirs on the bill of revivor, and such allegations made and steps taken as to entitle him to a decree. But that by the burning of the Clerk's office in 1837, the papers and proceedings were nearly all con-

sumed. He prays a revival of the suit and a decree of foreclosure and sale.

The widow and heirs of Chambers are not made defendants to the supplemental bill, nor any process served on them. The orders of Court, which were preserved from the conflagration, show that a bill was filed and an order of publication made against Chambers, and also an order of publication, in 1834, was made on a bill of revivor filed against his widow and heirs, but no publication is shown to have been made, nor is there any order showing that Chambers or his widow or heirs had ever appeared or answered. A deed of mortgage in a mutilated form, is shown, by which it appears that the land in question had been mortgaged to Lemon, to secure the debt of $425. But there is no assignment of the debt or mortgage by Lemon to Warren shown. It further appears by the service of process on Wall's cross bill in 1837, that the widow and heirs had returned to the State.

Upon the supplemental bill no process was issued or served on the widow or heirs, but at the September term, 1839, a rule was made on the defendants, on the motion of the complainant's counsel, to show cause on the third day of the next term, why he should not be permitted to prove that process was served on them, and "on his further motion, it is ordered that service of this rule on their attorney shall be sufficient." Without evidence of the service of this rule on *any one*, at the next term it is sta-ted that proof is made that process had been regularly executed on all the parties before the burning of the office, except Offutt and Wall. At a subsequent term, Preston Thomson is appointed guardian *at litem*, to defend for the infant heirs of Chambers, who filed an answer putting the complainant upon the proof of the allegations of his bill. Without any proof, at a subsequent term, in 1842, an interlocutory, and at the next term a final decree was rendered, directing the sale of the land as the law directs, by the Master Commissioner. The land was valued and sold for about one fifth of its value.

We have no doubt that where the papers and proceed-have been destroyed as in the case before us, that they may be set up and established, and the suit revived and

CHAMBERS, &c.
*vs*
WARREN.

On filing a bill of revivor against the widow and heirs of a non-resident, who has died, regular publication or order of warning, &c. is necessary, and service of process if they be in the State.

Where papers, process, &c. in a Clerk's office have been des-

CHAMBERS, &c.
*vs*
WARREN.

troyed, they may be set up by suitable pleadings and proof, after due notice by service of process. &c.

continued by supplemental bill. But as the bill charges new and distinct matters, which are necessary to be sustained to entitle the complainant to a decree, and which might be controverted by the defendants, process should have been issued and served on the defendants, or they should have had some personal warning of the bill or steps to be taken on it. They had a right to contest the fact of service of process on the destroyed bill, as well as the fact of its destruction and the destruction of the proceedings, and to show that from the steps taken, that the complainant was not entitled to any decree upon the merits. They were surely not bound, if they ever had been served with process, to attend Court from term to term, for the two years which intervened from the destruction of the whole proceedings, to the filing of the supplemental bill, to guard against any new proceedings that might be instituted against them, to revive and carry on the old suit.

But if in such case, a rule should be adopted as a substitute for process it should be served personally on those having a right to contest the facts designed to be proved, or by publication if non-residents, or if on an attorney, proof made that he was in fact the attorney.

But if a rule to show cause should be allowable as a substitute for regular process, the rule should have been executed personally on the widow and heirs, or by publication, if they were non-residents. But if the service of such rule upon their attorney, might be deemed sufficient, it should at least appear that they had an attorney, or that some attorney of the Court appeared for them. But in this case it does not appear that they had an attorney, or that any one appeared for them, or that the rule which was allowed to be served on their attorney, was ever served on any one. And indeed, it is not alledged or pretended that they ever appeared to or answered the original bill, or that they knew of the proceedings against them, and the presumption is that they did not, as at that time they were non-residents, of the State, and had never appeared by themselves or attorney. Besides, the infants could not appear by attorney, and the service of a rule on an attorney, as to them, if an attorney had assumed to appear for them, was irregular.

It is error to appoint guardians to infant def'ts. who have not been served with

It was also error to appoint a guardian *ad litem* for them in the supplemental bill until they had been served with process or personal notice in some form. But they by their guardian having answered professing ignorance

of the matters charged in the cross bill, and requiring proof, it was error to take a decree against them. without proof of every material allegation.

Upon the whole, without stopping to enumerate other errors, we are satisfied that the decree foreclosing the mortgage and directing the sale of the land is irregular and palpably erroneous and must be reversed.

And with respect to the second case or proceedings against the widow to oust her of the possession of the land, it follows from what has been said, in reference to the want of process or notice, or service of either upon her in the supplemental bill, or the competent proof of either, on the original bill that the decree was inoperative and void and all the subsequent proceedings under it. It is obvious that injustice has been done her in this *exparte* proceeding. It is not alleged or pretended that she had ever relinquished her right of dower in the land, yet a decree is made to sell the entire tract without assigning dower, and an order is made in the second case to oust her of her entire possession.

The decree in the first case is reversed and cause remanded for further proceedings. And the order to oust the widow and to deliver possession to the purchaser is also reversed and cause remanded that the petition may be dismissed.

*Morehead & Reed and Cable* for plaintiffs: *J. H. Davies* for defendants.

process or personal notice given in some legal form, to them. Tho' guardian *ad litem* be irregularly appointed, yet if his answer require proof of complainant and it be not made, it is error to decree without it.

A decree without service of process, actual or constructive, is void.